JAMES E. CROSSLEY, RESPONDENT, v. WILLIAM H. CONNOLLY COMPANY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

Where the defendant, in a District Court, demanded a trial by jury, and during the progress of the trial, the court, upon the motion of the plaintiff, dismissed the jury, and adjourned the case, and upon the next day fixed for the trial under the objection of the defendant proceeded to hear the case without a jury, and gave judgment for the plaintiff—*Held*, that the proceeding was irregular, and that the defendant under the circumstances, could not be deprived of his right to a trial by jury.

On appeal from the Supreme Court, whose opinion is reported in 89 *N. J. L.* 55.

For the respondent, *Gaetano M. Belfatto.*

For the appellant, *Newton P. Kinsey.*

The opinion of the court was delivered by

MINTURN, J.   Process having been issued out of the District Court of East Orange, the defendant within the time required by law demanded a trial by jury, upon which demand a *venire* was duly issued, and the parties upon the day set for the trial proceeded therewith.   It became apparent to the plaintiff's attorney, as he presented his case, that he would be unable to prove an essential fact without the presence of the president of defendant company, who, having been present in the court room, but without service of subpœna by the plaintiff upon him, had departed.   Confronted with this situation, the plaintiff's attorney moved for an adjournment of the trial, which the court, under objection by defendant's attorney, granted, having previously denied a motion to nonsuit upon the ground of plaintiff's inability to prove his case.

Upon the next trial day, the court under the objection of defendant, proceeded to hear and determine the case without a jury, none having been demanded for that day, and rendered a judgment for the plaintiff, from which judgment the defendant appealed to the Supreme Court, where the judgment was affirmed, from which affirmance the present appeal was taken.

The substantial inquiry presented by these facts is whether the trial court deprived the defendant of his statutory right of a trial by jury. The question resolves itself essentially into one of procedure, and since the District Court is a court of statutory origin, the relative rights of the parties must be deduced from the express provisions and the spirit of the statute.

Causes ordinarily are tried before the District Court without a jury, except in one contingency, when the court by the express provisions of the statute is deprived of that power. Section 149 of the District Court act provides (*Comp. Stat., p.* 1999) :

"Either party may demand a trial by jury * * * unless a demand for trial by jury shall be made * * * and unless the party demanding the same shall at the time of making such demand pay the cost of the *venire,* the demand for trial by jury shall be deemed to be waived * * *."

This section of the act received the consideration of the Supreme Court at the June term of 1893, in the case of *Clayton* v. *Clark,* 55 *N. J. L.* 539, 542, wherein Mr. Justice Garrison observed: "The legislature has made the right to a jury absolute, if demanded at the proper time. The defendant has had no voice in choosing the forum, hence has submitted himself to no implied conditions arising from its construction. He is there *in invitum* with the right to question the constitutionality of the procedure in all its steps, and to ignore utterly all innovations upon his common law rights, for which express legislative authority does not exist."

Adverting to this construction of the act, the Supreme Court at the following term, by Mr. Justice Abbett, declared that "a demand for a jury made by the defendant at the proper time, deprives the court of jurisdiction to try the case

otherwise than by a jury." *Raphael* v. *Lane,* 56 *N. J. L.* 108, 114.

It will suffice, for the determination of the case *sub judice,* to declare that we concur in this construction of the provision of the act under consideration. The inquiry results whether, in such a situation, no legislative provision having been made for the return of the same jury, or the payment of the cost of a subsequent *venire,* the District Court may order an adjournment of a jury trial and impose upon the defendant, *ex necessitate,* the cost of another *venire,* for the trial of the case upon the adjourned day.

Whereas, in this case, it is manifest that the plaintiff's demand was brought about by no dereliction or default upon the part of the defendant, the rights of the latter to the form of trial conceded to him by the statute, and which he has elected to adopt in conformity with the statutory procedure, should in nowise be jeopardized by the action of the court. Neither the plaintiff's unwillingness to proceed, nor the trial court's recognition of his right to an adjournment, should be so determined as to deprive the defendant of a right secured to him by law.

The practical equitable procedure in such an exigency would dictate that the postponement requested be granted upon terms which would impose upon the party demanding it the costs incident to the issuing of another *venire,* so that upon the adjourned day the parties may be restored to the *status quo ante.*

The judgment of the Supreme Court will be reversed, and the record will be remitted to the District Court for a *venire de novo.*

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Parker, Bergen, Minturn, Kalisch, White, Heppenheimer, Williams, Gardner, JJ. 11.